IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GARY V. AUSTIN                                                                    PLAINTIFF

v.                                     No. 2:12-cv-76-DPM

FLETCHER LONG, in his individual
and official capacity as Prosecuting Attorney
for the First Judicial District for the State of Arkansas        DEFENDANT

## ORDER

Fletcher Long is the elected Prosecuting Attorney of the First Judicial District of Arkansas. Gary Austin worked for Long as a deputy prosecuting attorney from February 2006 to August 2011. Austin alleges that the unfavorable terms and conditions of his five-year employment as a deputy prosecutor, and his eventual termination from that job, were rooted in racial discrimination. He brings claims under Title VII and § 1983. Long has moved to dismiss the suit. *Document No. 3*. He says that Title VII does not protect employees situated like Austin. Long also says that sovereign immunity bars Austin's official-capacity claims, which really target the State of Arkansas. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). And he contends that Austin

has stated no claim against him, in any capacity, that is plausible. Does any part of Austin's suit survive?

**1. Title VII.** Title VII broadly prohibits racial discrimination in employment. But it excludes from protection as an "employee" any person "chosen by [an elected officer from a State or its subdivision] to be on such officer's personal staff[.]" 42 U.S.C. § 2000e(f). So the Title VII question is whether Austin was on Long's personal staff.

The parties agree that no Eighth Circuit case is directly in point. Closest is the Court's 1984 opinion in *Goodwin v. Circuit Court of St. Louis County*, 729 F.2d 541. The Court of Appeals affirmed a bench ruling that a juvenile-court hearing officer could bring a Title VII claim against the circuit judge who ordered her transfer. The Court rejected the judge's argument that the hearing officer fell within the "immediate advisor" exception also found in 42 U.S.C. § 2000e(f): "The hearing-officer job itself required Goodwin to assert her independent judgment free from any direction from others, including [the judge.] While it can be said that [the hearing officer] offered 'advice' to [the judge] . . . this 'advice' was of a formal, detached nature, from one judicial officer to another." 729 F.2d at 548.

The relationship between a prosecutor and deputy prosecutor in Arkansas is different. A deputy has the authority to file charges in the name of the prosecutor who appoints him. ARK. CODE ANN. § 16-21-113(c)(1). In the words of an older case, the deputy is "generally clothed with all the powers and privileges of the prosecuting attorney," and he speaks in court papers in his principal's name. *Johnson v. State*, 199 Ark. 196, 203, 133 S.W. 2d 15, 18 (1939). The deputy is the prosecutor's voice and hands. He serves at the pleasure of the prosecutor; the deputy "may be removed at any time by the prosecuting attorney appointing him." ARK. CODE ANN. § 16-21-113(f). This unrestricted removal power weighs heavily for applying the personal-staff exception. *Americanos v. Carter*, 74 F.3d 138, 143–44 (7th Cir. 1996) (deputy state attorney general); *Ramirez v. San Mateo County*, 639 F.2d 509, 513 (9th Cir. 1981) (deputy district attorney); see also, *E.E.O.C. v. Reno*, 758 F.2d 581, 584 (11th Cir. 1985) (assistant state attorney within the analogous "personal staff" exception to ADEA). Considering the applicable law about the deputy prosecutor/prosecutor relationship, and the facts as alleged by Austin, the personal-staff exception applies. Austin's Title VII claims are therefore dismissed.

**2. Other claims.** Austin doesn't respond to Long's argument that sovereign immunity bars relief on the official-capacity § 1983 claim. Long mostly prevails on the point. To the extent that Austin seeks money damages from the state, the Eleventh Amendment bars his claim. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). But his official-capacity claim for reinstatement, which fits the *Ex Parte Young* exception to sovereign immunity, is not barred. *Ibid.* Neither does *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), defeat the claim. A State is not a "person" under § 1983, but "official-capacity actions for prospective relief are not treated as actions against the State." 491 U.S. at 71 n.10 (quotations omitted). The reinstatement claim, and Austin's individual-capacity claims, will proceed.

True, Austin has not yet identified a similarly situated employee of another race who was terminated. But he has pleaded specific facts about how his working conditions compared unfavorably with those of a white deputy prosecutor. And Austin alleges that termination arose from his inability to continue forwarding office-support payments to that deputy. His claim is plausible. Discovery may or may not bear it out. Austin need not, however, prove a comparator at the pleading stage.

* * *

Motion to dismiss, *Document No. 3*, granted in part and denied in part. Austin's Title VII claims, and his official-capacity claim for damages, are dismissed with prejudice. Austin's individual-capacity claim for damages, and his official-capacity claim for reinstatement, will go forward.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

14 March 2013